1  BRITNEY N. TORRES, Bar No. 287019
   btorres@littler.com
2  CHRISTOPHER T. BENTON, Bar No. 325452
   cbenton@littler.com
3  LITTLER MENDELSON, P.C.
   500 Capitol Mall
4  Suite 2000
   Sacramento, CA  95814
5  Telephone:   916.830.7200
   Fax No.:       916.561.0828
6
   Attorneys for Defendant
7  THE AMERICAN BOTTLING COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELRICO KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN BOTTLING COMPANY, A Delaware Corporation; GEORGE LOPEZ, an individual, and DOES 1 through 100, INCLUSIVE,<br><br>Defendants. | Case No. _____<br><br>[Sacramento County Superior Court Case No. Case No.  34-2019-00256549-CU-OE-GDS]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441**<br><br>[DIVERSITY JURISDICTION]<br><br>Complaint filed:   May 15, 2019<br>FAC filed: December 6, 2019 |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant THE AMERICAN BOTTLING COMPANY ("Defendant"), removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State of California for the County of Sacramento ("Sacramento Superior Court"). Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. sections 1332 and 1441 based on diversity of citizenship between the parties.

In support of the Notice of Removal of Civil Action, Defendant states the following:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because Plaintiff Delrico Kennedy ("Plaintiff") is a citizen of the State of California and Defendant is a Delaware corporation with a principal place of business in Texas. Additionally, the amount in controversy exceeds $75,000.00. The one-year limitation for removal under 28 U.S.C. section 1441(c)(1) does not apply because Plaintiff acted in bad faith to prevent removal. Specifically, Plaintiff did not name Defendant as a defendant in this action for more than six months after filing the initial Complaint and dismissed the non-diverse party, previously-named defendant George Lopez ("Mr. Lopez"), more than one year after filing the initial Complaint despite repeated requests from Defendant to dismiss him.

## II. PROCEDURAL HISTORY

2. On or about May 15, 2019, Plaintiff filed a Complaint for Damages against 7 Up Bottling Co. & Dr. Pepper Snapple Group and George Lopez in Sacramento Superior Court. Declaration of Britney N. Torres ("Torres Decl."), ¶ 2, Ex. A (Complaint). Plaintiff alleged the following causes of action: (1) physical disability discrimination under the California Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate disabilities under the FEHA; (3) failure to engage in the interactive process under the FEHA; (4) disability harassment under the FEHA; (5) retaliation under the FEHA; and (6) violation of public policy under the FEHA. *Id.* at ¶ 2, Ex. A (Complaint).

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT         2.

3. On June 7, 14, 19, and November 11, 2019, counsel for Defendant contacted Plaintiff's counsel by phone and e-mail to inform them that Plaintiff named an incorrect entity as a defendant, that Plaintiff's Complaint should be amended to name "The American Bottling Company" as the proper defendant, and that the claims against Mr. Lopez were without merit. Torres Decl. at ¶¶ 3-5, Ex. B (e-mails exchanged with Plaintiff's counsel).

4. On November 14, 2019, Sacramento Superior Court issued an Order to Show Cause to Plaintiff for failing to serve the Complaint, with a hearing set for December 19, 2019. Torres Decl. at ¶ 6, Ex. C (Order to Show Cause, November 14, 2020).

5. On or about December 6, 2019, Plaintiff filed a First Amended Complaint for Damages ("FAC") against Defendant and Mr. Lopez with the same causes of action asserted in the original Complaint. Torres Decl. at ¶ 7, Ex. D (FAC). At the December 19 hearing, the Sacramento Superior Court continued the Order to Show Cause hearing until March 19, 2019, so that Plaintiff could serve all Defendants. *Id.* at ¶ 8, Ex. E (Order to Show Cause, December 19, 2019).

6. On February 3, 2020, Defendant's counsel accepted service of Plaintiff's FAC via a Notice of Acknowledgement and Receipt on behalf of Defendant. Torres Decl. at ¶ 9, Ex. F (Notice of Acknowledgement and Receipt). On February 4, 2020, Defendant's counsel again sent an e-mail to Plaintiff's counsel regarding the insufficiency of the allegations in Plaintiff's FAC. *Id.* at ¶ 10, Ex. G (e-mail to Plaintiff's counsel, February 4, 2020).

7. On March 3, 2020, Defendant filed and served its Answer to Plaintiff's FAC, as well as its Case Management Statement. Torres Decl. at ¶ 11, Ex. H (Defendant's Answer) and Ex. I (Defendant's Case Management Statement, March 3, 2020). Also on March 3, 2020, Plaintiff served Defendant with a Declaration of Natalya V. Grunwald in response to the Sacramento Superior Court's Order to Show Cause and Plaintiff's Case Management Statement and. *Id.* at ¶ 12, Ex. J (Declaration of Natalya V. Grunwald) and Ex. K (Plaintiff's Case Management Statement, March 3, 2020). On March 16, 2020, the Sacramento Superior Court issued a ruling to continue the Order to Show Cause hearing until June 18, 2020, due to recent court closures resulting from COVID-19 restrictions. *Id.* at ¶ 13, Ex. L (Sacramento Superior Court Tentative Ruling, March 16, 2020).

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    3.

8. On June 1, 2020, Plaintiff filed and served Defendant with a Request for Dismissal of Mr. Lopez with prejudice, a Declaration of Mark P. Velez in Response to Sacramento Superior Court's Order to Show Cause, and its Case Management Statement. Torres Decl. at ¶ 14, Ex. M (Declaration of Mark P. Velez and Request for Dismissal), and Ex. N (Plaintiff's Case Management Statement, June 1, 2020).

9. On June 4, 2020, the Court entered the dismissal of Mr. Lopez. Torres Decl. at ¶ 16, Ex. O (Dismissal Order).

10. Pursuant to 28 U.S.C. section 1446(a), Exhibits A, C-F, and H-O attached to the Declaration of Britney N. Torres constitute all process, pleadings, and orders served upon Defendant or filed, received, or served by it in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been served by any party. *Id.* at ¶ 18.

## III. REMOVAL PROCEDURE

11. This Notice of Removal is timely filed within thirty (30) days after entry of the order dismissing Mr. Lopez, by which it was first ascertained that the case is one which is or has become removable, as required by 28 U.S.C. section 1446(b)(3). Prior to the dismissal of Mr. Lopez, there was not complete diversity because both Plaintiff and Mr. Lopez were citizens of California. This Notice of Removal, although filed more than one year after the commencement of the action on May 15, 2019, is nevertheless timely based on the bad faith exception stated in 28 U.S.C. section 1446(c)(1) due to Plaintiff's delays in litigating the case. *See Primus Automotive Financial Serv. v. Batarse,* 115 F.3d 644, 649 (9th Cir. 1997) ("A party also demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'"). *See also NKD Diversified Enters., Inc. v. First Mercury Ins. Co.,* No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *8 (E.D. Cal. Apr. 28, 2014). Eastern District Courts explain that "bad faith" may exist, *inter alia*, when a plaintiff does not conduct discovery against a non-diverse defendant and otherwise does not actively litigate the case against a defendant, but then delays dismissing the defendant until just after the one-year deadline proscribed by 28 U.S.C. section 1446(c)(1). *See NKD Diversified*, *supra*, at *8-9; *Berrios v. Hertz Corp.*, No. 2:18-cv-03171-MCE-DB, at *3 (E.D. Cal. Apr. 18, 2019).

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT       4.

12. Here, Plaintiff's initial Complaint named the incorrect entity defendant in May 2019, a fact which Defendant's counsel pointed out to Plaintiff's counsel early on and repeatedly (on at least four occasions). Torres Decl. at ¶¶ 3-5. Additionally, Defendant's counsel pointed out the lack of merits in naming Mr. Lopez as a defendant, again early on and repeatedly (on at least four occasions). *Id.* Moreover, in November 2019, the Sacramento Superior Court issued an Order to Show Cause against Plaintiff for failing to serve the named defendants. *Id.* at ¶ 6, Ex. C (Order to Show Cause, November 14, 2019). Then, in December 2019, nearly seven months after filing his action, Plaintiff filed his FAC, naming Defendant for the first time. *See id*. at ¶ 7, Ex. D (FAC). After another six months, on June 1, 2020, Plaintiff filed a request for dismissal of Mr. Lopez with prejudice without conducting discovery or otherwise litigating the case against him. *See id.* at ¶¶ 15, 17, Ex. N (Request for Dismissal). Plaintiff requested dismissal of Mr. Lopez **one year and seventeen days** after filing this action and **three hundred sixty days** after Defendant first conferred with Plaintiff regarding the insufficiency of the allegations against Mr. Lopez. *See id*. at ¶¶ 2, 3, 15, Exs. A (Complaint), N (Request for Dismissal). Plaintiff kept the only non-diverse party, Mr. Lopez, as a named defendant until *just after the one-year removal deadline passed* despite Defendant's counsel informing Plaintiff's counsel that the claims against Mr. Lopez lacked merit on multiple occasions. Accordingly, Plaintiff unnecessarily delayed litigation by keeping Mr. Lopez as a defendant without actually litigating against him, and has thereby "acted in bad faith in order to prevent [Defendant] from removing the action." 28 U.S.C. § 1446(c)(1).

13. For purposes of removal, venue is proper in this Court because Plaintiff originally filed this action in Sacramento Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. § 1446(a); *see also* Eastern District Local Rule 120(d).

## IV. DIVERSITY JURISDICTION

14. The diversity of citizenship statute, 28 U.S.C. section 1332(a), provides in relevant part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States. . . ."

///

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    5.

15. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**B.    Diversity of Citizenship**

16. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). During his employment with Defendant, Plaintiff represented that his home address was in Sacramento County, California. Declaration of Janet Barrett ("Barrett Decl."), ¶ 5. As such, Plaintiff is a citizen of the State of California. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

17. For diversity jurisdiction purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a Delaware corporation with its corporate headquarters and principal place of business in Texas. *See* Barrett Decl., ¶ 2. Accordingly, Defendant was not a citizen of the State of California at the time the State court action was filed, nor is it currently a citizen of the State of California.

18. Plaintiff's FAC also names as Defendants "Does 1-100." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendant's knowledge, no fictitious defendant has been served; thus, none need join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves.").

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

6.

### C. **Amount in Controversy**

19. If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491(9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Defense counsel's testimony itemizing the bases for plaintiff's damages claims is sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v. General Electric Co.,* 997 F.2d 150, 160-161 (6th Cir. 1993), *abrogated on other grounds by* 559 U.S. 77 (2010).

20. Economic damages, non-economic damages, general damages, attorneys' fees, and punitive damages are all included in determining the amount in controversy. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute).

21. Here, the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

22. In Plaintiff's FAC, he seeks, *inter alia*, the following relief from Defendant: general, special, punitive, and compensatory damages, including losses in wages and other employment benefits, emotional distress damages, medical expenses, and attorneys' fees. *See* Torres Decl., Ex. D (FAC), ¶¶ 30, 31, 32, 33, 38, 39, 40, 41, 46, 47, 48, 49, 53-55, 61-64, 68-70, and Prayer for Relief (p. 14).

23. Plaintiff alleges his lost wages began to accumulate in or around November 28, 2016 when Defendant allegedly forced him to take medical leave. Torres Decl., Ex. D (FAC), ¶ 13.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

7.

Plaintiff asserts that after November 28, 2016, he only worked sporadically: approximately one week in March of 2017, an unspecified duration in August of 2018 (of which Defendant has no record), and for less than one month from December 19, 2018, to January 14, 2019. *Id.*, Ex. D (FAC), ¶¶ 13-14, 19, 22 (Plaintiff includes two instances of a paragraph 14 on page 3 of his FAC, both of which Defendant is citing to here). Plaintiff contends that Defendant terminated him by locking him out of work at some point around January 14, 2019. *Id.*, Ex. D (FAC), ¶¶ 22-23.

24. During his employment, Plaintiff's rate of pay at the time of his alleged lost wages was $18.39 per hour. Barrett Decl., ¶ 3. Up to November 28, 2016, Plaintiff earned $28,249.61 for the nine months he worked for Defendant, or approximately $3,138.85 per month. *Id.* Since November 28, 2016, Plaintiff only worked a total of 40.65 hours from February 27 to March 5, 2017; 48.08 hours in December of 2018; and 45.77 hours in January of 2019. *Id.* at ¶ 4.

25. Thus, the period of time which Plaintiff alleges he was not working adds up to approximately 41 months' worth of lost wages as follows: three months from November 28, 2016 to the first week in March of 2017; nearly 17 months from the second week in March of 2017 to the first week of August of 2018[1]; three and one-half months from the end of August of 2018 to December 19, 2018; and seventeen and one-half months from January 14, 2019 to the filing date of this Notice of Removal.

26. Accordingly, Plaintiff is alleging approximately $128,692.85 in lost wages (41 months of lost wages x $3,138.85 per month = $128,692.85). Therefore, Plaintiff's lost earnings claim alone exceed the $75,000.00 amount in controversy required by 28 U.S.C. section 1332(a).[2]

27. Additionally, Plaintiff seeks attorneys' fees. Torres Decl., Ex. D (FAC), at p. 14. In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail on his

---

[1] Defendant has no record of Plaintiff working in August 2018, and Plaintiff does not specifically allege how long he worked in August 2018. Nevertheless, Defendant is omitting the entire month from its calculations for the alleged lost wages because, even without this month, Plaintiff's alleged lost wages more than exceed the $75,000.00 needed to satisfy the amount in controversy requirement.

[2] Since dismissing Mr. Lopez, Plaintiff has served responses to discovery requests that relate to his claimed damages. However, Defendant is unable to rely on those responses because they are unverified. *See Appleton v. Superior Court*, 206 Cal.App.3d 632, 636 (Cal. Ct. App. 1988) ("Unsworn responses are tantamount to no responses at all").

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

8.

claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). In doing so, the Court may consider the amount of attorneys' fees that will accrue until the entire matter is resolved. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). Such fees will likely prove substantial and may exceed the jurisdictional minimums of the removal statute on their own. However, given that Plaintiff's estimated lost wages total approximately $128,692.85, Plaintiff's claims already exceed the amount in controversy required for removal without taking into account attorneys' fees.

28. Plaintiff also seeks to recover punitive damages. Torres Decl., Ex. D (FAC), at p. 14. The potential punitive damage award alone against Defendant may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994). In *Aucina,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334. Here, although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum.

29. In sum, the requirements of 28 U.S.C. section 1332(a) are met because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, this Court has original jurisdiction over this matter and removal is authorized under 28 U.S.C. section 1441(b)

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    9.

## V. NOTICE OF REMOVAL IS PROCEDURALLY PROPER

30. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Mark P. Velez and Natalya V. Grunwald of the Velez Law Firm, P.C.. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

## VI. CONCLUSION AND REQUESTED RELIEF

31. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. section 1441(a) and (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated:      July 1, 2020

/s/ *Christopher T. Benton*
BRITNEY N. TORRES
CHRISTOPHER T. BENTON
Attorneys for Defendant
THE AMERICAN BOTTLING COMPANY

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT        10.