# EXHIBIT A

COPY

1   THE VELEZ LAW FIRM, P.C.
    Mark P. Velez (Bar No. 163484)
2   Natalya V. Grunwald (Bar No. 265084)
    3010 Lava Ridge Court, Suite 180
3   Roseville, California 95661
    Telephone:  (916) 774-2720
4   Facsimile:   (916) 774-2730
    Email: velezlaw@live.com
5

6   Attorneys for Plaintiff
    DELRICO KENNEDY
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SACRAMENTO

10

11                                          CASE NO.

12  DELRICO KENNEDY                         **COMPLAINT FOR DAMAGES**

13               Plaintiff,                 1)  **PHYSICAL DISABILITY**
                                                **DISCRIMINATION/PERCEIVED**
14          v.                                  **PHYSICAL DISABILITY**
                                                **DISCRIMINATION**
15  7 UP BOTTLING CO. & DR. PEPPER              **(Cal. Gov. Code §12940(a))**
    SNAPPLE GROUP, GEORGE LOPEZ,           2)  **FAILURE TO ACCOMMODATE**
16  and individual, and DOES 1 through 100,     **DISABILITIES (Cal. Gov. Code §12940(m))**
    INCLUSIVE,                            3)  **FAILURE TO ENGAGE IN THE**
17                                              **INTERACTIVE PROCESS**
                 Defendants.                    **(Cal. Gov. Code §12940(n))**
18                                          4)  **DISABILITY HARASSMENT (Cal. Gov.**
                                                **Code §12940(j)(1))**
19                                          5)  **RETALIATION (Cal. Gov. Code §12940(h))**
                                            6)  **VIOLATION OF PUBLIC POLICY**
20                                              **(Gov. Code § 12940 et. seq.)**

21

22

23

24

25

26

27

28


RECEIVED
MAY 15 2019
CIVIL

COMPLAINT FOR DAMAGES

1  Plaintiff hereby alleges:

# I.
# INTRODUCTION

1.     This action is brought by Plaintiff, DELRICO KENNEDY, who has sustained injuries or damages arising out of the conduct of Defendants, 7 UP BOTTLING CO. & DR. PEPPER SNAPPLE GROUP, GEORGE LOPEZ, an individual and DOES 1 through 100.

2.     This Complaint specifically asserts causes of action for the following:  Physical Disability Discrimination/Perceived Physical Disability Discrimination (California Government Code §12940(a)); Failure to Accommodate Disabilities (California Government Code §12940(m)); Failure to Engage in the Interactive Process (California Government Code §12940(n)); Disability Harassment (California Government Code §12940(j)(1); Retaliation (California Government Code §12940(h)); and Violation of Public Policy.

3.     Plaintiff, DELRICO KENNEDY (hereinafter also referred to as "Plaintiff") is a former employee of 7 UP BOTTLING CO. & DR. PEPPER SNAPPLE GROUP (herein referred to as "7 UP BOTTLING" or "Defendant"); and underwent training and provided services to Defendants in the State of California, County of Sacramento.  As described herein, 7 UP employed Plaintiff from early 2016 until on or about September 2018.

4.     7 UP BOTTLING is located in Sacramento, California and is in the business of bottling various refreshment beverages.

5.     GEROGE LOPEZ, is an individual Defendant and performed duties of 7 UP BOTTLING Quality Control Manager during time relevant to this Complaint.

6.     Defendants, 7 UP BOTTLING and DOES 1 through 100, are individuals and/or corporations, domiciled in the State of California.  Plaintiff is informed and believes, and thereon alleges that there exists such a unity of interest and ownership between 7 UP BOTTLING and DOES 1 through 100 that the individuality and separateness of these Defendants have ceased to

1

1   exist. The business affairs of 7 UP BOTTLING and DOES 1 through 100 are, and at all times

2   relevant hereto were, so mixed and intermingled that the same cannot be reasonably segregated,

3   and the same are in inextricable confusion. 7 UP BOTTLING and DOES 1 through 100 are, and

4   at all times relevant hereto, were used by 7 UP BOTTLING as mere shells and conduits for the

5   conduct of certain of 7 UP BOTTLING affairs. The recognition of the separate existence of these

6   entities would not promote justice, in that it would permit Defendants to insulate themselves from

7   liability to Plaintiff. Accordingly, these Defendants are merely the alter egos of 7 UP BOTTLING

8   and the fiction of their separate existence must be disregarded.

9

10       7.       Plaintiff is informed and believes, and thereon alleges that at all relevant times

11   herein, all Defendants were the agents, employees, and/or servants, masters or employers of the

12   remaining Defendants, and in doing the things alleged in this Complaint, were acting in the course

13   and scope of such agency or employment, and with the approval and ratification of each of the

14   other Defendants.

15

16       8.       The true names and capacities, whether individual, corporate, associate, or

17   otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such

18   Defendants by fictitious names. Plaintiff will amend this Complaint to show the Defendants' true

19   names and capacities when the same have been ascertained. Plaintiff alleges, upon information

20   and belief, that each of the Defendants, and DOES 1 through 100, inclusive, are legally responsible

21   in some manner negligently, in warranty, strictly, intentionally, or otherwise, for the events and

22   happenings herein referred to, and each of the Defendants proximately caused injuries and

23   damages to Plaintiff as herein alleged.

24

25       9.       In perpetrating the acts and omissions alleged herein, Defendants, and each of them,

26   acted pursuant to, and in furtherance of a policy and practice of discriminating and/or harassing

27   and/or retaliating against, their disabled employees.

28

2

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

COMPLAINT FOR DAMAGES

10.     In perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to, and in furtherance of a policy and practice of discriminating/harassing/retaliating against employees with disabilities, failing to accommodate conditions related to disabilities and retaliating against whistleblower employees.

11.     Plaintiff is informed and believes, and thereon alleges, that each and every of the acts and omissions alleged herein were performed by, and are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts or failures to act were within the course and scope of said agency, employment, and/or direction and control.

## II.
## GENERAL ALLEGATIONS

12.     Plaintiff began his employment with 7 UP BOTTLING as a Batcher in March of 2016. During times relevant to this complaint, Plaintiff worked at the Sacramento, California facility of Defendant.

13.     On or about August 1, 2016, Plaintiff sustained a job-related injury to his lower back and left knee. Plaintiff filed a Worker Compensation claim on or about August 2016. He continued working on reduced work schedule through November 28, 2016, at which time Plaintiff was placed on a medical leave.

14.     In March of 2017, Plaintiff's physician released him to go back to work for a "trial period" of one week. Due to experiencing pain in the lower back, Plaintiff was again placed on a medical leave.

15.     On or about August 1, 2018, Plaintiff was released by his physician to full duty. He immediately contacted 7 UP BOTTLING Human Resources department and inquired about the process of his returning to work. Plaintiff was informed that Defendant has not yet received documentation form is physician releasing him to work.

3

16. Plaintiff, who was ready and able to return to his duties, continued to reach out to 7 UP BOTTING Human Resources department, asking when he could return to work. Each and every time, Plaintiff was told that Defendant has not yet received necessary documentation releasing him to full duty. Plaintiff is informed and believes, and thereon alleges, that Defendant had in its possession the requisite documents, yet, refused to put Plaintiff on a schedule.

17. In September of 2018, Plaintiff contacted the Defendant's corporate office. He informed the representative about his situation and demanded answers. The representative stated that based on his injury, he was a "liability" for the company and that was the reason why Plaintiff was not being allowed to return to work. In essence, Defendant's locked plaintiff out from work in retaliation for having a physical disability.

18. On or about December 7, 2018, for the first time in several months, Plaintiff received communication from Defendant. 7 UP BOTTLING informed Plaintiff that unless he returned to work, his employment would be terminated.

19. Plaintiff reported to work on December 19, 2018. He was placed in a six-week training class. After four weeks, however, he was instructed to report to his old position as a Batcher. Plaintiff was instructed to report any pain to his lower back to his supervisor. After some time, Plaintiff felt pain sensation in his back. Although he was physically able to continue working and could perform the essential functions of his position, Plaintiff felt compelled to report the incident to LOPEZ as required.

20. LOPEZ personally accompanied Plaintiff to a physician at US Health Works. Plaintiff was released to full duty. LOPEZ, however, refused to accept physician's diagnosis and exclaimed, "No! We need restrictions." Per LOPEZ' demand, Plaintiff was given documentation providing for restrictions.

4

21.    LOPEZ then informed Plaintiff that he needed to "talk to corporate" before allowing Plaintiff to return to work.  It was the last day Plaintiff was allowed to work.

22.    Plaintiff sought a second medical opinion from his prior medical provider, who also released him to full duty with restrictions.  Plaintiff provided the documentation from this physician to LOPEZ on or about January 14, 2019.  LOPEZ informed Plaintiff that he would forward the medical documents to "corporate" and get back to Plaintiff.

23.    Despite numerous voice messages and phone calls by Plaintiff to 7 UP BOTTLING, he did not hear from Defendant about his possible return date, despite Plaintiff being ready and able to perform his duties with restrictions.  Defendant denied Plaintiff opportunity to work for an extended period of time, causing him a significant financial burden.  Ultimately, Defendants terminated Plaintiff by locking him out from work.

24.    At no time did Defendant engage with Plaintiff in any interactive process and available positions within Plaintiff's restrictions were never discussed by Defendant.

### III.
### PLAINTIFF'S CLAIMS

### FIRST CAUSE OF ACTION
**Physical Disability Discrimination/Perceived Physical Disability Discrimination
California Government Code §12940(a)**

25.    Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 24.  This cause of action is pled against Corporate Defendants.

26.    The Fair Employment and Housing Act ("FEHA") codified in Government Code §12940, et seq., makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disabilities/perceived disabilities.

27.    "Physical disability" under the FEHA includes being regarded or treated by the employer as having or having had a condition that makes achievement of a major life activity

5

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1  difficult as well as having or having had a condition that currently has no disabling effect but may

2  become an impairment limiting the individual's ability to participate in major life activities.

3  Plaintiff was regarded as disabled by Defendants.

4

5      28.    Defendants engaged in unlawful employment practices in violation of the FEHA

6  by denying him the right to work because of his disability, failing to engage in good faith in the

7  interactive process to determine if Plaintiff could be given a reasonable accommodation and failing

8  to provide Plaintiff with a reasonable accommodation.

9      29.    Plaintiff is informed and believes and based thereon alleges that his disability was

10  a motivating reason in Defendants' decision to deny his employment, and was also a motivating

11  reason for the other discriminatory acts against him, in violation of California Government Code

12  §12940(a).

13

14      30.    As a proximate result of the wrongful conduct of Defendants, and each of them,

15  Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment

16  benefits in amount according to proof at the time of trial.

17      31.    As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation,

18  embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form

19  of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, insomnia and indignity.

20

21      32.    In committing the foregoing acts, officers, directors, and/or managing agents of

22  Defendants were guilty of malice, fraud, and oppression, and acted in conscious disregard of

23  Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition

24  to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

25      33.    As a direct cause of the acts alleged above, Plaintiff has had to hire the services of

26  an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and

27

28

6

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

1    is entitled to an award of attorneys' fees and costs pursuant to California Government Code

2    §12965(b).

3

       34.      Within the time provided by law, Plaintiff filed charges with the California

4

5    Department of Fair Employment and Housing ("DFEH"), setting forth his claims against

6    Defendants, in full compliance with California law. Attached hereto as Exhibit 1, and incorporated

7    by this reference, are true and accurate copies of the DFEH Complaint and the "Right to Sue

8    Letter," respectively.

9        WHEREFORE, Plaintiff prays judgment as set forth below.

10

11

12

**SECOND CAUSE OF ACTION**
**Failure to Accommodate Disabilities**
**California Government Code §12940(m)**

13

14        35.      Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth

15    herein, the allegations contained in paragraphs 1 through 34. This cause of action is pled against

16    Corporate Defendants.

17        36.      California Government Code §12940(m) provides that it is unlawful for an

18    employer to fail to make reasonable accommodations for the known physical disabilities of an

19

20    employee.

21        37.      Defendants failed to make reasonable accommodation for Plaintiff's known

22    disability, and instead placed him on an indefinite leave from his job.

23        38.      As a proximate result of the wrongful conduct of Defendants, and each of them,

24    Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment

25    benefits in amount according to proof at the time of trial.

26

27

28

7

39.     As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, insomnia and indignity.

40.     In committing the foregoing acts, officers, directors, and/or managing agents of Defendants were guilty of malice, fraud, and oppression, and acted in conscious disregard of Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

41.     As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to California Government Code § 12965(b).

42.     Within the time provided by law, Plaintiff filed charges with the California Department of Fair Employment and Housing ("DFEH"), setting forth his claims against Defendants, in full compliance with California law. Attached hereto as Exhibit 1, and incorporated by this reference, are true and accurate copies of the DFEH Complaint and the "Right to Sue Letter," respectively.

WHEREFORE, Plaintiff prays judgment as set forth below.

## THIRD CAUSE OF ACTION
### Failure to Engage in the Interactive Process
### California Government Code §12940(n)

43.     Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 42. This cause of action is pled against Corporate Defendants.

8

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

44.     California Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

45.     Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability and instead placed him on an indefinite leave from his job.

46.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in amount according to proof at the time of trial.

47.     As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, and indignity.

48.     In committing the foregoing acts, officers, directors, and/or managing agents of Defendants were guilty of malice, fraud, and oppression, and acted in conscious disregard of Plaintiff's rights, and Plaintiff is therefore also entitled to an award of punitive damages in addition to the actual damages caused thereby, for the sake of example and by way of punishing Defendants.

49.     As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to California Government Code § 12965(b).

50.     Within the time provided by law, Plaintiff filed charges with the California Department of Fair Employment and Housing ("DFEH"), setting forth his claims against Defendants, in full compliance with California law. Attached hereto as Exhibit 1, and incorporated

9

by this reference, are true and accurate copies of the DFEH Complaint and the "Right to Sue Letter," respectively.

WHEREFORE, Plaintiff prays judgment as set forth below.

### FOURTH CAUSE OF ACTION
#### Retaliation
#### California Government Code §12940(h)

51.     Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in Paragraphs 1 through 50. This cause of action is pled against Corporate Defendants.

52.     During his employment, Plaintiff engaged in protected activities by filing a Workers Compensation claim arising from injuries suffered on the job. Plaintiff believes, and thereon alleges, that Defendants' adverse actions taken against him as set forth herein occurred in retaliation      for      Plaintiff      filing      a      Workers      Compensation      claim.

53.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in amount according to proof at the time of trial.

54.     As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, and indignity.

55.     As a direct cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to California Government Code § 12965(b).

56.     Within the time provided by law, Plaintiff filed charges with the California Department of Fair Employment and Housing ("DFEH"), setting forth his claims against

10

1    Defendants, in full compliance with California law.  Attached hereto as Exhibit 1, and incorporated

2    by this reference, are true and accurate copies of the DFEH Complaint and the "Right to Sue

3    Letter," respectively.

4
                    WHEREFORE, Plaintiff prays judgment as set forth below.
5

6                              **FIFTH CAUSE OF ACTION**
                                  **Disability Harassment**
7                          **California Government Code §12940 (j)(1)**
                                   **(Against LOPEZ only)**
8

9        57.    Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth

10   herein, the allegations contained in paragraphs 1through 56.  This cause of action is pled against

11   the individual defendant, LOPEZ.

12       58.    At all times mentioned herein, California Government Code Section 12940, et seq.

13   were in full force and effect and were binding on Defendant. These Sections required Defendant

14   to refrain from discriminating against or harassing any employees on the basis of disability. During

15   his employment, Plaintiff engaged in protected activities by filing a Workers Compensation claim

16   arising from injuries suffered on the job.  Plaintiff believes, and thereon alleges, that Defendants'

17   adverse actions taken against him as set forth herein occurred in retaliation for Plaintiff filing a

18
     Workers Compensation claim.  In response, Plaintiff was not allowed to return to work even when
19
     necessary documentation releasing him to work was presented to Defendant.
20

21       59.    The acts of Defendant, and each of them, as described more fully above, constitute

22   a pattern and continuous course of harassment on the basis of disability in violation of California

23   Government Code Section 12940 (j)(1).
24

25       60.    Plaintiff was first released to full duty in August of 2018.  He was not allowed to

26   return to work at that time.  When Plaintiff returned to work in December of 2018 and felt back

27   pain, LOPEZ personally accompanied Plaintiff to the US Health Works Clinic.  When LOPEZ

28   was informed that Plaintiff was released to full duty, LOPEZ refused to accept physician's orders

                                              11

1    and demanded that Plaintiff was given paperwork setting forth work restrictions. Subsequently,

2    LOPEZ used the lack of response from "corporate" as an excuse to refuse Plaintiff the ability to

3    return to work. LOPEZ further disregarded Plaintiff's medical documents from another physician

4    allowing Plaintiff to return to work.

5

6    61.    As a proximate result of Defendant's willful, knowing, and intentional acts of

7    harassment against Plaintiff, she has suffered and continues to suffer general damages consisting

8    of compensation for having to endure an oppressive working environment, in a sum according to

9    proof at the time of trial.

10   62.    As a proximate result of the acts of Defendant, Plaintiff has suffered humiliation,

11   embarrassment, mental and emotional distress, increased physical pain, and discomfort in the form

12
     of fatigue, nervousness, anxiety, nausea, gastrointestinal disorders, worry, and indignity.
13
     Defendant's conduct created a work environment extremely detrimental to Plaintiff's physical
14
15   health.

16   63.    As a proximate result of Defendant's willful, knowing, and intentional acts of

17   harassment of Plaintiff, she has sustained losses in earnings and other employment benefits.

18
     64.    As a direct cause of the acts alleged above, Plaintiff has had to hire the services of
19
     an attorney. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and
20
     is entitled to an award of attorneys' fees and costs pursuant to California Government Code §
21
22   12965(b).

23   65.    Within the time provided by law, Plaintiff filed charges with the California

24   Department of Fair Employment and Housing ("DFEH"), setting forth her claims against

25   Defendants, in full compliance with California law. Attached hereto as Exhibit 1, and incorporated

26   by this reference, are true and accurate copies of the DFEH Complaint and the "Right to Sue

27   Letter," respectively.

28

12

1        WHEREFORE, Plaintiff prays judgment as set forth below.

2

3                              **SIXTH CAUSE OF ACTION**
                              **Violation Of Public Policy**
4

5        66.    Plaintiff hereby re-alleges, and incorporates by reference as though fully set forth

6   herein, the allegations contained in paragraphs 1 through 65.  This cause of action is pled against

7   Corporate Defendants.

8        67.    The conduct of Defendants, and each of them, violates public policy, as fully set

9   forth herein.

10       68.    As a direct, foreseeable, and proximate result of Defendants' unlawful acts,

11  Plaintiff has suffered, and continues to suffer substantial losses in earnings and job benefits, and

12
    other losses as a result of discrimination he suffered while employed by 7 UP BOTTLING all to
13
    Plaintiff's damage, in an amount to be proven at trial.
14

15       69.    As a proximate result of the acts of Defendants, Plaintiff has suffered humiliation,

16  embarrassment, mental and emotional distress, and discomfort in the form of nervousness, anxiety,

17  nausea, gastrointestinal disorders, worry, and indignity.

18       70.    Defendants committed the acts described in the Complaint, oppressively,

19  fraudulently, and maliciously, entitling Plaintiff to an award of punitive damages against said

20  Defendants.
21
         WHEREFORE, Plaintiff prays judgment as set forth below.
22

23                                    **IV.**
                              **PRAYER FOR RELIEF**
24

25  1.  For compensatory damages;

26  2.  For general damages according to proof;

27
    3.  For medical and related expenses according to proof;
28

                                    13

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661

4. For special damages, including but not limited to lost earnings and other employment benefits, past and future, according to proof, with interest thereon as allowed by law;

5. For reasonable attorneys' fees and costs, pursuant to California Government Code § 12965 and other statutes;

6. For an award of interest, including prejudgment interest, at the legal rate;

7. For punitive damages pursuant to California Civil Code § 3294; and

8. For all such other and further relief as the Court may deem just and proper.

Dated: May 10,, 2019                          THE VELEZ LAW FIRM. P.C.

By:_____
      Mark P. Velez
      Natalya V. Grunwald
      Attorneys for Plaintiff
      DELRICO KENNEDY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: May 10, 2019                          THE VELEZ LAW FIRM. P.C.

By:_____
      Mark P. Velez
      Natalya V. Grunwald
      Attorneys for Plaintiff
      DELRICO KENNEDY

14

THE VELEZ LAW FIRM
3010 LAVA RIDGE CT.
STE 120
ROSEVILLE, CA 95661